Jones, J.,
 

 dissenting. The question involved, briefly stated, is this: Was the insurance company, under the terms of its policy, obligated to defend against a liability occasioned by a car
 
 not covered by the policy?
 

 The petition carefully omits to state that a car covered by the policy of the insurance company was in any wise concerned in the accident that occasioned Terihay’s injuries; not only this, but plaintiff in error’s counsel concede that the car that caused the injury was neither owned nor hired by the assured. It therefore could not have been covered by insurance. In the personal injury case brought against the assured the . plaintiff had not alleged that the car causing his injuries was insured; nor was such an allegation necessary in order to recover damages against the Bloom-Rosenblum-IOine Company; for
 
 *230
 
 the plaintiff might recover from that company whether it had or had not insurance.
 

 Although the argument advanced by counsel for plaintiff in error seems plausible, we will endeavor to demonstrate that it is not only legally untenable, but is based on a fallacious premise; it creates situations that are wholly absurd; nor was their argument persuasive in either of the lower courts. The fallacy underlying the contention of the plaintiff in error lies in the fact that it refrains from applying the provisions of the policy contract to the insured car only. By the exact terms of the policy the obligations of the insurance company attached only to bodily injuries suffered, and
 
 “caused by the automobile vehicles described in statement number 5”
 
 Under its terms the legal liability of the insurance company for property damages was for damages “resulting solely and directly from an accident due to the ownership, maintenance or use of any of the said automobiles.” Manifestly the “said” automobiles referred to comprised only the vehicles described and covered by the policy of insurance. Furthermore the policy contract contained an express provision that, in consideration of the determined premium, it was “understood and agreed by and between the named assured and the company that
 
 this policy shall cover the operation of all automobiles * * * of the type stated in the policy hired by the assured,”
 
 etc. (Italics ours.) Here it is conceded by counsel for plaintiff in error that the automobile concerned “was neither . owned nor hired” by the assured; it had no policy covering the car engaged in the accident.
 

 Condition C of the policy provided that if suit
 
 *231
 
 were brought against the assured to enforce
 
 “such claim for damages”
 
 the company must “defend such suit, whether groundless or not.” Manifestly the suit contemplated by the contract, and therein explicitly referred to, was the suit for “such a claim for damages” and “caused by the automobile vehicles described in statement number 5.” There was no obligation to defend a suit for damages concededly occasioned by the automobile of a stranger, or by an automobile of the assured not covered by his policy. The policy agreement was to insure and to defend against damages resulting from the operation of the insured car; that vehicle, described in the policy, was the only car insured, and every agreement contained in the policy pertained to that car.
 

 So that when the insurance company obligated itself to defend “such suit, whether groundless or not,” the terms of the policy disclose that it only agreed to defend groundless suits arising from the operation of automobiles covered by its policy. Another provision in the policy clearly limits the company’s obligation to cars covered by its policy, where the policy expressly states that in consideration of the determined premium it was understood and agreed between the assured and the company “that this policy shall cover the operation of all automobiles * * * of the type stated in the policy hired by the assured.” This is a definite agreement that the policy and its obligations provided coverage for the operation of automobiles described in the policy, and none other; it is conceded that the car in question was not owned or hired by the assured.
 

 
 *232
 
 Any other construction of this policy would lead to legal conclusions wholly untenable, and to situations wholly absurd. To illustrate: Had the assured owned a half-dozen cars, insured in as many different companies, would each of the insurers be required under similar policy provisions to defend a lawsuit against the assured, where it was conceded that but one of the companies was liable? And, if neither of the six defended the suit, against whom could the assured bring his suit for neglect to defend? Manifestly he could bring it only against the insurer of the car concerned in the accident. Let us assume that a taxi company, operating 100 cars, had liability insurance covering only one of its cars. Must that company defend against a suit for damages concededly caused by either of the other 99 uninsured cars? Notwithstanding the fact that the insurance company had received a premium covering but a single car, a liability is here attempted to be imposed on the insurance company requiring it to pay the costs and expenses of defending against damages arising from the operation of all the uninsured cars — cars not covered by its policy. If this judgment prevails, a method is devised for obtaining cheap insurance.
 

 To further illustrate the illogical claim advanced by counsel for plaintiff in error, let us assume that the following colloquy takes place between the insurer and the assured after a suit has been instituted against the latter:
 

 Assured. I want you to defend a suit brought against me based on an automobile collision. Insurer. You have two cars — a Cadillac and a Ford. We insured your Cadillac, but we have no policy
 
 *233
 
 covering your Ford. "Which of your cars caused the accident?
 

 Assured. My Ford caused it. Insurer. We have no coverage on your Ford; you paid no premium covering that car; why should we defend?
 

 Assured. Because you agreed to defend “such suit whether groundless or not.” Insurer. Yes, we agreed to do that, and also to pay the expenses of defense, including court costs; but we did not agree to give coverage except to your insured car. Defend your Ford car; you paid us no premium for coverage for defending that car.
 

 The adoption of the contention urged-by counsel for plaintiff in error necessarily leads to¡ the conclusion that an insurance company must defend every lawsuit brought against the assured, and must maintain its obligation to defendant after it discovers, or it is conceded that the insured car, the subject-matter of the insurance, was in no wise concerned in the accident. And we might well query: If the insurance company did defend such a suit unsuccessfully, could the plaintiff in error still claim that a judgment for damages must be paid by the insurance company under its policy contract, if its insured car was not involved? Obviously that claim cannot be sustained. That being so — there being no liability which the company must eventually pay— why should it be required to defend?
 

 The majority opinion contains this statement: “If the facts set up in Terihay’s petition had been established in the trial of that case, and a judgment rendered therein, the company would have been required under the liability clause of its policy to sat
 
 *234
 
 isfy that judgment to the extent of the amount specified in its policy.”
 

 Logically, where the major premise is fallacious, the whole legal superstructure falls. The insurer is notified that the assured has been sued. The insurer, neglecting to defend, of course does so at its own risk; but, ascertaining beyond doubt that its insured car was not concerned in the accident, the insurer refuses to assume the burden of defense and its accompanying expenses. A judgment for heavy damages may be recovered by the plaintiff against the assured for negligence in the operation of one of his uninsured cars; all that the plaintiff needs to do is to prove that any car (insured or uninsured) caused his injuries. The insurance company is not a party to that suit. The majority hold that the insurance company is absolutely liable to pay the judgment. The mere statement of such a principle carries its own refutation and reveals its unsoundness. The suit of the assured is
 
 based on his contract of insurance.
 

 Before he can recover he must allege and prove that the car alleged to have caused the plaintiff’s injuries was in fact covered by the policy. That is the plain requirement of our statute, which makes the liability of an insurance company “absolute” only “whenever a loss or damage occurs on account of a casualty
 
 covered by such contract of insurance.”
 
 Section 9510-3, General Code.
 

 We admit that the obligations of the policy attach in favor of the assured in suits, whether groundless or not, where the insured car was involved; but we deny that any of the obligations in the policy contract attached to any car but that insured by the in
 
 *235
 
 surance company, and for which only it obtained a premium. No authority has been called to our attention which presents the question which we have here; nor, according to its opinion, were there any covering this situation presented to the Court of Appeals. The cases cited by counsel in their briefs relate to groundless prosecutions involving cars specifically covered by the contract; none of those cases enforce a liability where there was no policy covering a vehicle causing the damage.
 

 We are of the opinion that, since the petition does not allege that the ear involved in the accident was covered by the policy, and it being conceded that it was not, there was no liability to defend upon the part of the insurance company.
 

 The judgments of the lower courts should be affirmed.
 

 Kinkade and Day, JJ., concur in the dissenting opinion.